# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

FRED E. VAN GORDER,

                                  Plaintiff,

                                -vs-                             DECISION & ORDER
                                                                    03-CV-6409

DAN WORKMAN, et al.,

                                  Defendants

---

**APPEARANCES**

For Plaintiff:                          Fred E. Van Gorder, *pro se*
                                             98-B-1978
                                             Bare Hill Correctional Facilty
                                             Caller Box 20, 181 Brand Road
                                             Malone, N.Y. 12953

For Defendants:                      J. Richard Benitez, A.A.G.
                                             New York State Office of the Attorney General
                                             144 Exchange Boulevard, Suite 200
                                             Rochester, NY 14614

**INTRODUCTION**

      This is a *pro se* civil rights action, brought under 42 U.S.C. § 1983 by a plaintiff who is an inmate of the New York Department of Correctional Services ("DOCS"). Plaintiff's complaint, as it relates to the applications at hand, stems from incidents which allegedly occurred while he was incarcerated at Gowanda Correctional Facility ("Gowanda"), and Collins Correctional Facility ("Collins"). He is currently housed at Bare Hill Correctional Facility ("Bare Hill"). Now before the Court is plaintiff's Motion for Reconsideration [#60] of this Court's earlier Memorandum and Order [#55], in which it vacated the implied default

against defendant Dr. Joseph Tan ("Dr. Tan"), and denied plaintiff's Motion for Default Judgment [#44] based upon the implied default.

Also before the Court is plaintiff's Motion [#76] for Summary Judgment with respect to defendant Sherry Tarbell ("Tarbell"). For the reasons that follow, both motions are denied.

**I.     PLAINTIFF'S MOTION FOR RECONSIDERATION OF VACATUR OF IMPLIED DEFAULT AGAINST DEFENDANT TAN.**

**BACKGROUND**

The original complaint [#1] in this case was filed on August 22, 2003, and an amended complaint [#9] was filed on August 26, 2004. Dr. Tan was served on November 12, 2004, in connection with plaintiff's claim that Dr. Tan violated his eighth amendment rights by deliberate indifference to his serious medical needs. Dr. Tan's answer was due on December 2, 2004. However, his answer was not received and filed until January 5, 2005. Also on January 5, 2005, plaintiff filed a motion for summary judgment against Dr. Tan, pursuant to Federal Rules of Civil Procedure 56(a), (c); and 55(a) [#44].

In a Scheduling Order filed on January 14, 2005, [#46] the Court treated Dr. Tan's late answer as a motion pursuant to Federal Rule of Civil Procedure 55(c), to vacate an implied default, and construed plaintiff's summary judgment motion as a motion for entry of default and judgment. On January 28, 2005, Dr. Tan, who was the medical doctor at Collins at the time of the alleged incident of which plaintiff complains, submitted an affidavit [#52], in which he proffered difficulty in receiving medical records from another facility as the reason for his delay in answering the complaint. In an Order [#55] filed on February 1, 2005, the Court accepted defendant Dr. Tan's explanation of delay, granted his motion to

vacate the implied default pursuant to Rule 55(c), and denied plaintiff's motion for entry of default and judgment.

On February 10, 2005, plaintiff filed his motion for reconsideration [#60] of that decision. In support of this motion, plaintiff submitted evidence which he claims shows that Dr. Tan lied in his affidavit as to the reason for his delay in answering the complaint. Specifically, plaintiff submitted a document which he claims proves that his medical file has not been disclosed to anyone who was not on the staff of the infirmary at Bare Hill, and therefore, by implication, was not disclosed to Dr. Tan. Plaintiff argues that this evidence establishes that Dr. Tan perjured himself. Plaintiff maintains that had this Court had such evidence, it would have denied Dr. Tan's motion to vacate the implied default. Plaintiff further claims that he was unable to present such evidence to the Court prior to its decision, since he only received Dr. Tan's affidavit on the day the Court issued its determination, and was, therefore, unable to refute the Court's ruling.

**ANALYSIS**

"The standard for granting . . . a motion [to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, plaintiff has the burden of showing that this Court overlooked information or decisions which, when considered in the context of the above-mentioned criteria, would have resulted in this Court denying Dr. Tan's motion to vacate the implied default. Plaintiff has cited no decisions which indicate that this Court erred in granting the motion to vacate

the implied default. Plaintiff has, however, offered new evidence, which he claims shows that Dr. Tan was untruthful with this Court regarding his reason for his untimely response. Dr. Tan, in turn, filed a responding affidavit refuting plaintiff's contention that he was untruthful. Dr. Tan's affidavit convinces the Court that his claim for the delay in answering is valid. (*See* Tan Aff. (Jun. 10, 2005) ¶ 5.) In his affidavit, Dr. Tan specifically refers to details contained in his answer that indicate he must have reviewed plaintiff's medical record. Therefore, the Court denies plaintiff's motion to reconsider as he has failed to show that the Court overlooked matters that might have led to a different conclusion.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO DEFENDANT TARBELL.

### BACKGROUND

Defendant Tarbell is the Inmate Grievance Supervisor at Gowanda. The original complaint [#1] in this case was filed on August 22, 2003, and an amended complaint [#9] was filed on August 26, 2004. The amended complaint, as it relates to Tarbell, alleges that Tarbell violated plaintiff's rights, as protected by the Fourth and Eighth Amendments, and caused him to suffer severe trauma and stress, by forcing him to disclose sensitive and confidential medical information during the course of a grievance hearing.

On December 27, 2004, plaintiff filed a motion for summary judgment [#27] against defendants Tarbell and Weber (the motion presently before this Court does not concern defendant Weber). On January 3, 2005, this Court issued an order [#40] denying the motion, without prejudice to filing another application for summary judgment that was fully supported by evidence in admissible form. On May 27, 2005, plaintiff filed a second motion

for summary judgment [#76], against Tarbell only, accompanied by various documents. In a Declaration [#94] filed on July 1, 2005, Tarbell opposed plaintiff's motion on the grounds that: (1) plaintiff's affidavit is inadmissible because it is not properly sworn; (2) plaintiff failed to submit a statement of material facts to which he contends there is no triable issue; and (3) plaintiff failed to state the legal authority and factual basis supporting his motion.

## ANALYSIS

With regard to Tarbell's claim that plaintiff's affidavit is inadmissible, the first two paragraphs of plaintiff's affidavit read as follows:

> I Fred E. Van Gorder, plaintiff in the above-captioned matter state the following under the penalty of perjury:
>
> 1. I am the plaintiff in the pending civil action above-captioned, and as such have read the foregoing and state that the same is true and correct to the best of my knowledge unless otherwise stated as belief. And as to these, I believe them to be true.

This Court finds plaintiff's affidavit to be in compliance with 28 U.S.C. § 1746, which in pertinent part states:

> Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, . . . or affidavit, . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, . . . or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . "I declare (or . . . state) under penalty of perjury that the foregoing is true and correct. Executed on (date). Signature."

Consequently, the Court finds that, for purposes of plaintiff's summary judgment motion, his affidavit is evidentiary proof in admissible form.

With respect to Tarbell's claim that plaintiff failed to submit the requisite statement of material facts, Western District of New York Rule of Civil Procedure 56.1 provides in pertinent part:

> (a) Upon any motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion, a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Plaintiff has clearly failed to comply with this rule.

Even when granted the leeway afforded *pro se* litigants in this Circuit, this Court is unable to view plaintiff's submissions as such a statement of uncontroverted facts. Therefore, plaintiff's motion must be denied.

Having denied the motion on other grounds, this Court deems it unnecessary to evaluate whether the law cited in plaintiff's memorandum supports his motion for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration [#60] is denied, and plaintiff's motion for summary judgment [#76] is also denied.

IT IS SO ORDERED.

Dated:  October 11, 2005
        Rochester, New York

                        ENTER:

                                /s/ Charles J. Siragusa
                                Charles J. Siragusa
                                United States District Judge