# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

FRED E. VAN GORDER,

Plaintiff,

-vs-

DAN WORKMAN, et al.,

Defendants

DECISION & ORDER
03-CV-6409

## APPEARANCES

For plaintiff: Fred E. Van Gorder, pro se
98-B-1978
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953

For defendants: J. Richard Benitez, A.A.G.
N.Y.S Attorney General's Office
144 Exchange Boulevard, Suite 200
Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** On October 31, 2005, the Court entered an Order (# 114) directing defendant Dr. Tan to respond to plaintiff's allegations in Document 89, contending that Dr. Tan's assertions in his affidavit (# 70), opposing the entry of a default and default judgment, were false. Dr. Tan filed a timely responsive declaration (# 121) on November 18, 2005, and plaintiff responded on November 29, 2005, filing a Motion (# 122) for a default judgment and a second motion (# 124) for reconsideration. The matter is now

before the Court to resolve the issue of whether its prior Memorandum and Order (# 55) and its prior Decision and Order (# 110), both denying entry of a default and default judgment against Dr. Tan, should be modified. After carefully reviewing the papers filed in support of plaintiff's motions, and those filed in opposition thereto, the Court denies plaintiff's second application for default, grants plaintiff's second motion for reconsideration, and upon reconsideration, affirms its prior determination denying his first application for default judgment.

## BACKGROUND

On January 5, 2005, plaintiff moved (# 44) for entry of a default judgment[1] against defendant Dr. Tan. Dr. Tan opposed the motion, and on February 1, 2005, the Court entered a Memorandum and Order (# 55) denying plaintiff's application, finding that Dr. Tan showed good cause for the late filing of his answer and presented a meritorious defense to the complaint. In the memorandum of law opposing entry of a default judgment (# 53), Dr. Tan's counsel represented that the delay was caused

> by the delay of obtaining and reviewing plaintiff's records for submitting an Answer to the federal Complaint. The delay was caused by the fact that the plaintiff no longer was housed at same correctional facility that defendant Dr. Tan is assigned to work. Defendant Dr. Tan's reliance on these records to respond to plaintiff's allegations was reasonable and the resultant delay, at the very least, constitutes a mistake, inadvertence, surprise, or excusable neglect sufficient to set aside a default judgment under higher standard pursuant to FRCP Rule 60(b)(1).

---

[1]Plaintiff had not applied to the clerk for an entry of default pursuant to Fed. R. Civ. P. 55. According to the docket, Dr. Tan was served on November 12, 2004; thus, his answer was due on December 2, 2004. Since the answer was not filed until January 5, 2005, and the docket did not reveal any order granting an extension of time to file, the Court treated the late answer as a motion to vacate an implied default pursuant to Federal Rule of Civil Procedure 55(c) and treated plaintiff's motion (# 44) as a motion for entry of a default and judgment. *See Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981); *accord John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992).

(Def.'s Mem. of Law (# 53) at 2.) Dr. Tan subsequently filed an affidavit in which he related the same information.

On February 10, 2005, plaintiff moved (# 60) for reconsideration of the Court's Order (# 55), alleging that Dr. Tan misrepresented the reason for his late answer. Plaintiff alleged that no one had requested his medical records during the 12 months he had been incarcerated at Bare Hill Correctional Facility. (*See* Pl.'s Aff. in Support of Mot. in Opp'n of Def. Tan's Mot. to Set Aside Pl.'s Mot. for Default Judgment ¶ 19.) The Court received a reply affidavit (# 70) from Dr. Tan and another (# 72), from Rebecca Hedges, a clerk at Collins Correctional Facility. In both affidavits, the affiants swear that Dr. Tan received plaintiff's medical record prior to January 5, 2005.

On October 12, 2005, in a Decision and Order (# 110) entered after considering the papers filed in support of, and in opposition to, plaintiff's motion (# 60) for reconsideration, the Court denied plaintiff's motion to reconsider. The Court determined that Dr. Tan had not committed perjury, since Dr. Tan specifically referred to details contained in his answer that indicate he must have reviewed plaintiff's medical record.

Almost nine months after the Court issued its original Memorandum and Order denying a default judgment against Dr. Tan, plaintiff filed what he entitled a "Notice of Objection" (# 113). In this document, plaintiff asserted that the Court overlooked what was docketed as plaintiff's motion for appointment of counsel (# 89), in which plaintiff asserts that he presented proof that Dr. Tan perjured himself, as did Ms. Hedges. Document 89 is a motion for appointment of counsel to "represent plaintiffs' [sic] interests [sic] during the remainder of pretrial proceedings]…." Attached to that document is a printout which plaintiff

states is proof of perjury on the parts of Dr. Tan and Ms. Hedges. The document appears to be a printout from a computer records system showing that counsel for defendant Tan received a copy of plaintiff's medical record on February 17, 2005. Handwritten on the bottom of the record is, "This is the only request we have received to inspect, review of copy your medical records." The handwritten statement is unsigned, and the document contains no indication of who wrote that information, or the basis was for the writer's knowledge. On October 31, 2005, the Court entered an Order (# 114) directing Dr. Tan to respond to the allegations in Document 89. On November 18, 2005, Dr. Tan filed a timely responsive declaration (# 121), and plaintiff responded on November 29, 2005, filing a Motion (# 122) for default judgment and a second motion (# 124) for reconsideration.

## STANDARDS OF LAW

Federal Rule of Civil Procedure 55(a) provides that the clerk may enter a party's default when the party has failed to plead or otherwise defend as provided by the rules. Rule 55(b) provides for the entry of judgment by default. The clerk may enter a default judgment when (1) the party has been defaulted for failure to appear, (2) the party is not an infant or incompetent, and (3) the claim against the party is for a sum which is certain or which can by computation be made certain. Fed. R. Civ. Proc. 55(b)(1). In all other cases, the party entitled to default judgment must apply to the court. *Id*. 55(b)(2). If the defaulting party or the party's representative has appeared in the action, the defaulting party or the representative must be served with written notice of the application for default judgment at least three days prior to the court's hearing on the application. *Id*. If it is necessary to determine the amount of damages, establish the truth of any averment by

evidence, or make an investigation of any other matter, the court may hold a hearing or order a reference. *Id*.

After a default or default judgment has been entered, Rule 55(c) allows the litigant to petition to set either aside. A party may move pursuant to Rule 55(c) to set aside the entry of default for "good cause," or to vacate a default judgment in accordance with Rule 60(b). Fed. R. Civ. P. 55(c); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citation omitted).

Although the disposition of motions for relief from defaults and default judgments are "within the sound discretion of the trial court," the court's discretion is not unlimited and may be reversed "even where the abuse of discretion is not glaring." *Brien v. Kullman Indus.*, 71 F.3d 1073, 1077 (2d Cir. 1995). This limitation reflects the Circuit's strong preference for resolving disputes on the merits: "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan*, 652 F.2d at 277 (*citing Klapprott v. United States*, 335 U.S. 601 (1949)).

**DISCUSSION**

In his declaration, Dr. Tan maintains that his previous representations to the Court are true and asks for denial of plaintiff's motions for reconsideration and default judgment. In his application, (# 124), plaintiff asserts facts contradicting the representations made by

Dr. Tan and affiant Rebecca Hedges.[2] In particular, plaintiff states that Ms. Hedges' statement that she made a request by email, prior to January 5, 2005, for plaintiff's medical records, and that her computer program automatically deletes email after 30 days is untrue. Plaintiff bases his contention upon the fact that he was able to produce a Bare Hill Correctional Facility health services disclosure form (Ex. A, attached to # 89, and Ex. Ar, attached to # 124) showing that only one request for disclosure of his health record was received, specifically, Assistant Attorney General Benitez's request entered on February 17, 2005.

However, Ms. Hedges' affidavit indicates that she is at another New York prison, Collins Correctional Facility, not Bare Hill. Consequently, her claim to have emailed a request for plaintiff's record is not clearly refuted by the Bare Hill record. There is no information about whether *all* requests were logged into Bare Hill's database, or only requests from outside the New York State Department of Corrections. Since the Bare Hill record attached to plaintiff's papers is called a HIPAA disclosure record, the Court presumes that it records only those requests required to be recorded by the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191. The Court notes that in the regulations pertaining to the Act, "for disclosures that are subject to the accounting requirement, the covered entity must retain documentation of the information required to be included in the accounting." 65 Fed. Reg. No. 250, at 82561 (Dec. 28, 2000). Further, the regulations provide that disclosure of the information may be made to

---

[2]Dr. Tan filed an affidavit on March 15, 2005 (# 70) and Rebecca Hedges also filed an affidavit, on March 18, 2005 (# 72). Both affidavits opposed plaintiff's basis for a default judgment against Dr. Tan.

certain entities without any accounting. *See* 65 Fed. Reg. No. 250 at 82826 (Dec. 28, 2000). The Court has not been provided with any legal arguments by the parties with respect to whether Dr. Tan's request would have had to have been recorded. Since the Circuit Court has expressed a strong preference for trial on the merits, *Meehan*, 652 F.2d at 277, the Court will presume that disclosure of plaintiff's health care record to Dr. Tan would not have required an entry in the HIPAA log at Bare Hill. Accordingly, the fact that no entry appears for Ms. Hedges' emailed request for the record does not, contrary to plaintiff's arguments, prove her assertions false. In the alternative, even if Ms. Hedges' contention is disbelieved, the Court, in its discretion, finds the default not willful, that setting the default aside did not prejudice plaintiff, and that a meritorious defense is presented. As discussed more fully below, Dr. Tan needed plaintiff's medical record to file an answer in good faith. The case is in its early stages, and at the time of the original motion for entry of a default judgment, discovery had not yet begun. Dr. Tan's answer presents meritorious affirmative defenses, including, among others, qualified immunity and a claim that plaintiff failed to exhaust administrative remedies.

Plaintiff also argues that Dr. Tan's answer, filed on January 5, 2005 and citing specifics, which the Court concluded could have only been gleaned from plaintiff's health care record, could just as easily have been created from having read plaintiff's amended complaint, filed on August 26, 2004, in which plaintiff detailed certain of his medical conditions. For example, plaintiff specifically cites to Dr. Tan's mention of a diagnosis of Methacholine resistant Staph Aureas, and argues that the information is also contained in

plaintiff's amended complaint, second claim, paragraph eight.[3] While it is most certainly true that Dr. Tan could easily have obtained the information in his answer from plaintiff's amended complaint, it is also equally true that without plaintiff's medical record, he would not have been able to write in his answer that he, "[a]dmits the allegation contained in paragraph 8…." (Tan Answer ¶ 7.) Without plaintiff's medical record, Dr. Tan would not have known whether the allegation in plaintiff's second claim pertaining to his infection was true. Therefore, the Court concludes that Dr. Tan did present good cause for failing to file his answer in a timely manner, and on reconsideration of its initial Order denying plaintiff entry of a default or default judgment, and reconsideration of it's Order (# 110) denying reconsideration, affirms its previous Decision and Order.

## CONCLUSION

Accordingly, for the reasons stated above, plaintiff's second application (# 122) for entry of a default judgment is denied, and plaintiff's second motion (# 124) for reconsideration is granted, and after reconsideration, the Court affirms its previous Memorandum and Order (# 55) and its previous Decision and Order (# 110), both denying plaintiff's first application for entry of a default or default judgment.

IT IS SO ORDERED.

Dated: January 25, 2006
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

[3]Plaintiff restarted his paragraph numbering in the Amended Complaint in each of its nine separate claims.