UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRED E. VAN GORDER,

               Plaintiff,

vs.

DAN WORKMAN, et al,

               Defendants.

DECISION AND ORDER
03-CV-6409

_____

## INTRODUCTION

On October 4, 2005, plaintiff filed a motion (# 107) to dismiss the claim against defendant Dan Workman ("Workman") on the ground that plaintiff fails to state a claim upon which relief can be granted, there is no alleged actual physical injury, and qualified immunity applies. For the reasons stated below, the Court grants Workman's motion.

## BACKGROUND

The First Claim in plaintiff's amended complaint (# 9) includes the following claim against Workman:

A. FIRST CLAIM:

1. That between August 16, 2000 and September 1, 2000, Dan Workman violated the plaintiffs Eighth Amendment right to be free from cruel and unusual punishments causing severe emotional trauma and being a direct party to the pain and suffering of the plaintiff.

2. That between August 16, 2000 and September 16, 2000, Sergeant Austin violated the plaintiffs Eighth Amendment right to be free from cruel and unusual punishment causing severe emotional trauma and pain and suffering.

> 3. That an unknown number of corrections officers did, with malicious intent violate the plaintiffs Eighth Amendment rights to be free from cruel and unusual punishment, denied medical attention, and causing severe emotional trauma, physical pain and suffering, between August 16, 2000 and September 1, 2000.
>
> 4. That between about 10:00 p.m. and 10:30 p.m. on August 17, 2000, three unknown guards did violate the plaintiffs Eighth Amendment rights to be free from cruel and unusual punishment by assaulting the plaintiff causing severe emotional trauma, pain and suffering, and permanent physical damages.
>
> 5. At a meeting on August 16, 2000, with Counselor Workman, the plaintiff requested to be moved from the facility for personal reasons of safety. This was the same counselor who had been asked for a transfer several times before. Mr. Workman refused by stating that until the plaintiff is assaulted, the only option would be to sign into protective custody.

(Amend. Compl., at 2-3.)

## STANDARDS OF LAW

The standard for reviewing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. is "the same standard as that applicable to a motion under 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Gowins v. Greiner*, 01 Civ. 6933 (GEL), 2002 U.S. Dist. LEXIS 14098 (S.D.N.Y. Jul. 31, 2002); citing *King v. American Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002). Of course, the Court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002).

A plaintiff, "'has no constitutional right not to be transferred from one facility to another.'" *Arroyo v. Coughlin*, et al., __ F.Supp. __, 1994 U.S. Dist. LEXIS 15077 at *3 (W.D.N.Y. 1994) (*quoting* April 8, 1993 Order, *Arroyo v. Coughlin and Irvin*, No. 92-CV-0426E(F) (Apr. 8, 1993)) (citation omitted).

> It is well settled that state prison officials are afforded broad discretion to transfer prisoners for any reason or no reason at all. *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Meachum v. Fano*, 427 U.S. 215, 228 (1976). (Holding that the Due Process Clause of the Fourteenth Amendment does not entitle a state prisoner to a factfinding hearing when he is transferred from one prison to another where conditions are less favorable.) This is not to say, however, that prisoners may be transferred for unconstitutional reasons. Prisoners may not be transferred solely in retaliation for the exercise of their constitutional rights.

*Respress v. Coughlin*, 585 F. Supp. 854, 857 (S.D.N.Y. 1984); *accord Grune v. Riley*, No. 89CIV. 5688(VLB)(SEG), 1992 WL 63396, *7 (S.D.N.Y. Mar. 20, 1992). The denial of a transfer request logically does not involve greater rights under the Due Process Clause. Further, denial of a prisoner's transfer request does not impose an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's Due Process interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,…nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

On the issue of qualified immunity, the Second Circuit, in *Sadallah v. City of Utica*, 383 F.3d 34 (2d Cir. 2004), held that,

> an individual defendant is entitled to qualified immunity any of three possible circumstances:
>
>> (1) if the conduct attributed to him is not prohibited by federal law; or (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was objective[ly] legal[ly] reasonable . . . in light of the legal rules that were clearly established at the time it was taken.

*Sadallah*, 383 F.3d at 37 (*quoting X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65-66 (2d Cir. 1999) (alterations in original) (internal citations and quotation marks omitted)).

## ANALYSIS

Workman contends that plaintiff's complaint against him should be dismissed and gives three reasons for that contention: (1) plaintiff has no constitutional right to a transfer to another facility; (2) the claim against Workman is fatally defective; and Workman is entitled to qualified immunity. The Court will address each argument below.

The Court agrees that plaintiff has no constitutional right to a transfer. As the Court observed in *Arroyo v. Coughlin*, No. 92-CV-0426E(F), 1993 WL 117529, *1 (W.D.N.Y. Apr. 13, 1993) (Elfvin, J.):

> While [an inmate] does have a right to be protected from violence from other inmates—*see Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir.1991)—, which might include the right not to be transferred to a prison where there is a known threat of death—*see Fitzharris v. Wolff*, 702 F.2d 836, 839 (9th Cir.1983)—, in order to be held liable for a failure to protect, an official must be shown to have demonstrated deliberate indifference to the inmate's safety. *See Hendricks v. Coughlin*, 942 F.2d at 109. An official demonstrates deliberate indifference when he has actual or constructive notice of a specific risk to an inmate's safety and fails to take steps to protect the inmate from injury. *See Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir.1989).

*Arroyo*, 1993 WL 117529, at *1. Reading plaintiff's complaint liberally, and interpreting it to raise the strongest argument it suggests, the Court finds that plaintiff has sufficiently plead a cause of action against Workman for deliberate indifference to plaintiff's safety and, although plaintiff has no constitutional right to a transfer, the allegations in his complaint raise an issue under the Eighth Amendment and *Meriweather v. Coughlin*, 879 F.2d 1037 (2d Cir. 1989). Thus, the Court finds that the complaint against Workman does raise a cognizable issue under 42 U.S.C. § 1983.

With regard to Workman's argument that plaintiff's claim is precluded because it alleges only that plaintiff suffered emotional damages, which cannot support a prisoner lawsuit without some physical injury, *see* 42 U.S.C. § 1997e(e), the Court disagrees. Again, reading plaintiff's complaint liberally, the Court finds that it implies Workman's alleged deliberate indifference was the proximate cause of plaintiff's physical injuries, suffered, he alleges, through the unlawful application of force against him by corrections officers on August 17, 2000.

Plaintiff's complaint alleges that Workman's denial of a transfer on August 16, 2000, which plaintiff requested for unspecified "personal reasons of safety," was a denial of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. In his Answer, Workman raised qualified immunity as a Second Affirmative Defense:

> The defendant, at all times relevant hereto, acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law. Accordingly, she [sic] is entitled to qualified immunity.

(Workman Ans. (# 24), at 5.) Although the law with respect to the constitutionality of transferring an inmate upon his own request may not have been clear in 2000, what was clear is that correctional officers had a duty not to be deliberately indifferent to an inmate's safety. *See Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir.1991). Plaintiff did not specify in his complaint that he told Workman he feared for his safety from the guards, and does not allege any physical assault by corrections officers until August 17, 2000. Thus, nder the circumstances present here, Workman's offer of protective custody was "was objectively, legally reasonable." *Sadallah*, 383 F.3d at 37. Accordingly, the Court finds that Workman is entitled to qualified immunity.

## CONCLUSION

Defendant Dan Workman's motion (# 107) to dismiss the complaint against him is granted, and Workman is terminated as a party to this lawsuit.

It Is So Ordered.

DATED:   October 30, 2006
           Rochester, New York

                ENTER.

           /s/ Charles J. Siragusa
           CHARLES J. SIRAGUSA
           United States District Judge