UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRED E. VAN GORDER,

               Plaintiff,                                   DECISION AND ORDER
                                                                                         03-CV-6409

vs.

DAN WORKMAN, et al,

               Defendants.

_____

## INTRODUCTION

On May 27, 2005, plaintiff filed a motion (# 76) for summary judgment against Sherry Tarbell ("Tarbell"), Inmate Grievance Supervisor for Gowanda Correctional Facility, for allegedly violating his Fourth and Eighth Amendment rights by forcing him to disclose sensitive and confidential medical information during the course of a grievance hearing. The Court denied plaintiff's motion in a Decision and Order (# 110) docketed on October 12, 2005, because of his failure to comply with Western District of New York Local Rule of Civill Procedure 56.1. The Court's decision did not handle, however, Tarbell's cross-motion (# 91) to dismiss the complaint against her pursuant to Federal Rule of Civil Procedure 12(c). Therefore, the Court now addresses that motion.

## BACKGROUND

The Eighth Claim in plaintiff's amended complaint (# 9) reads as follows:

H. EIGHTH CLAIM:

1. Inmate grievance supervisor, Tarbell, Gowanda Correctional Facility, and Jeff Weber, Wyoming Correctional Facility did cause severe emotional

> trauma and stress to medical condition [sic] to the plaintiff when they did intentionally and with malice violate the plaintiff[']s Fourth Amendment and Eighth Amendment rights by forcing the plaintiff to sit in grievance hearings and disclose confidential medical conditions, treatments, and procedures in the presence of other inmates, officers, and civilians.
>
> 2. On January 12, 2001, Ms Tarbell ignored the plaintiff[']s pleas for medical privacy by forcing the plaintiff to attend a grievance hearing and discuss and divulge confidential medical information, causing emotional trauma and stress to an already stressful medical condition.
>
> 3. On May 30, 2002; and September 20, 2002, Jeff Weber ignored the plaintiff[']s pleas for medical privacy by forcing the plaintiff to sit in grievcnce hearings and discuss and divulge confidential medical information, causing severe emotional trauma and stress to an already stressful medical condition.

(Amend. Compl., at 8.) At the end of his amended complaint, plaintiff seeks the following damages:

> The plaintiff is seeking damages for pain and suffering , emotional trauma, physical damages, future losses of employment, future medical costs and expenses and constitutional violations at the hands of the defendants during the violations of the rights protected under the United States Constitution in the amount of Sixteen Million, Four-Hundred and fifty Thousand $16,450,000 Dollars.

(Amend. Compl., at 9.) Referring to plaintiff's amended complaint, Claim H, the defense states that Tarbell was the one who investigated plaintiff's grievance relating to inadequate medical treatment. (Mem. of Law (# 92), at 1.)

## STANDARDS OF LAW

### *Judgment on the Pleadings*

The standard for reviewing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is "the same standard as that applicable to a motion under 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable

inferences in favor of the nonmoving party." *Gowins v. Greiner*, 01 Civ. 6933 (GEL), 2002 U.S. Dist. LEXIS 14098 (S.D.N.Y. Jul. 31, 2002); citing *King v. American Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002). Of course, the Court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002).

### *Requirement of 42 U.S.C. § 1997(e)(e)*

Congress has placed a limitation on damages for a prisoner plaintiff's claim of emotional injury in a civil rights lawsuit by mandating that, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (Supp. IV 1998). The Second Circuit interpreted that section in *Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) and stated:

> We agree with the majority of our sister circuits that Section 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury. Because the words "federal civil action" are not qualified, they include federal civil actions brought to vindicate constitutional rights. However, . . . Section 1997e(e) does not deprive prisoners of adequate methods for contesting constitutional wrongs.

*Thompson*, 284 F.3d at 417-18. The appellate court went on to explain that,

> Section 1997e(e) limits a prisoner's ability to bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." By its terms, it does not limit the prisoner's right to request injunctive or declaratory relief. Nor should it be read as a general preclusion of all relief if the only injury the prisoner can claim—other than the intangible harm presumed to flow from constitutional injuries—is emotional or mental. Although by reading the statutory language in a distorted fashion, one could conclude that an inmate who can allege only emotional injury cannot bring a federal civil action, the more logical reading of the statute does not

> preclude injunctive and declaratory relief. Moreover, any ambiguity in the statutory language is cured by its section heading, "Limitation on recovery." *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212, 141 L. Ed. 2d 215, 118 S. Ct. 1952 (1998) (indicating that although title of statute cannot limit the statute's plain meaning, it can shed light on otherwise ambiguous language). Both in its text and in its caption, Section 1997e(e) purports only to limit recovery for emotional and mental injury, not entire lawsuits. Therefore, it does not prevent Thompson from vindicating his constitutional right to be free of cruel and unusual treatment and the seizure of property without due process by injunctive and declaratory relief.

*Id*., at 418. In *Thompson*, the Court of Appeals reversed the district court's dismissal of Thompson's constitutional claims and remanded the case with instructions to permit Thompson to replead those claims.

***Confidentiality of Prisoner's Medical Information and Waiver***

In a case involving the privacy right of a prisoner where prison officials revealed she was an HIV-positive transsexual, the Second Circuit stated that it "already has accorded constitutional stature to the right to maintain the confidentiality of previously undisclosed medical information. It follows that prison officials can impinge on that right only to the extent that their actions are 'reasonably related to legitimate penological interests.'" *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). The appellate court cautioned, however, that, "[a]s is the case with HIV status, the right to maintain the confidentiality of one's transsexualism may be subject to waiver." *Id*., at 112 n.1. The district court in *Crawford v. Manion*, No. 96 Civ. 1236 (MBM), 1997 U.S. Dist. LEXIS 4237, *4 (S.D.N.Y. Mar. 31, 1997) recognized that, "[t]he holder of a privacy right can waive it through a variety of acts, including by written authorization or by instituting a lawsuit."

*Qualified Immunity and Prisoner Health Information Confidentiality*

In *Powell v. Schriver*, 175 F.3d 107, 113 (2d Cir. 1999), the Second Circuit addressed the issue of qualified immunity in the context of a prisoner's claim that her HIV positive status and the fact that she was a transsexual had been wrongfully revealed by corrections officers. There, the Court of Appeals wrote:

> The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Rodriguez v. Phillips*, 66 F.3d 470, 475 (2d Cir. 1995) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). In determining whether a particular legal principle was "clearly established" for purposes of qualified immunity, this Court has considered three factors: "'whether the right was defined with reasonable specificity; whether the decisional law of the Supreme Court and the applicable circuit court supports its existence; and whether, under preexisting law, a defendant official would have reasonably understood that his acts were unlawful.'" *Horne v. Coughlin*, 155 F.3d 26, 29 (2d Cir. 1998) (*quoting Rodriguez*, 66 F.3d at 476). Consideration of these factors demonstrates that the right of a prisoner to maintain the privacy of medical information was not clearly established on December 31, 1991….

*Powell*, 175 F.3d at 113.

## ANALYSIS

Turning first to Tarbell's argument that § 1997e(e) bars plaintiff's claim against her, the Court agrees that dismissal of the claim is required on that basis. However, a dismissal for this reason is without prejudice to repleading the claim. If plaintiff does choose to replead the claim, he must do so seeking proper damages, such as "nominal or punitive damages, or injunctive and declaratory relief." *Thompson*, 284 F.3d at 416.

Turning next to Tarbell's second argument, that plaintiff waived any right to privacy he had in the medical information at issue, she argues that,

> Here, Plaintiff "placed his medical [treatment] at issue by filing a grievance," Defendant Tarbell's investigation and disclosure of medical information was relevant and necessary to respond to plaintiff's grievance. *See*, Gowins, *supra* at page 10. Defendant's disclosure was "reasonably related to the legitimate penological interest of adjudicating [Plaintiff Van Gorder's] grievance and establishing whether or not the medical care he received was adequate." *Id*. at 10. Therefore, plaintiff's claim against Defendant Tarbell is barred as a matter of law.

(Mem. of Law (# 92), at 3.) In *Gowins*, the district court wrote that,

> in this case, Gowins alleges that Silver "submitted a portion of [Gowins's] medical record in response" to a grievance asserting that Silver's treatment had been "inadequate" and that Silver did "not want[] to treat [Gowins] and his injuries," and that as a result, inmates who worked in the prison's Grievance Office may have had access to his medical information. (Amend. Compl. PP 25, 27.) However, having placed his medical condition at issue by filing a grievance alleging inadequate medical care, Gowins cannot be heard now to complain that in response to that grievance, the treating physician included not only an explanation of how he treated Gowins, but also relevant documentation from Gowins's medical record to support his version of events. Such disclosure is reasonably related to the legitimate penological interest of adjudicating Gowins's grievance and establishing whether or not the medical care he received was adequate. Accordingly, the defendants' motion will be granted as to Gowins's right to privacy claim.

*Gowins*, 2002 U.S. Dist. LEXIS 14098, *28. However, reading the plain language of the amended complaint on this issue, the Court cannot determine that plaintiff waived the right to privacy in his medical condition. Tarbell's conclusion, that disclosure was necessary to address the grievance, is not supported by the allegations in the amended complaint and is an issue best left for resolution at the summary judgment, or trial stage. Thus, the Court cannot grant Tarbell's motion to dismiss on the ground of waiver.

Finally, Tarbell contends she is entitled to qualified immunity for the alleged violation of plaintiff's right to privacy in his medical condition information. Her argument is short, and the Court quotes it in its entirety here:

> In light of the aforementioned points and liberal reading of plaintiff's claim against Defendant Tarbell, plaintiff suffered no actual physical injury by Defendant Tarbell's action and Defendant Tarbell's action was reasonably related to the penological interest of adjudicating plaintiff's medical grievance. In *Powell, supra*, the Court's holding applies only to HIV status and transsexualism. In fact, the Court noted that "the interest in the privacy of medical information will vary with the condition." *Id*., at 111. In light of the alleged facts in this case, there simply is no clear legal prohibition to Defendant Tarbell's action. To the contrary, Defendant Tarbell reasonably acted upon Plaintiff's grievance. Therefore, Defendant Tarbell is entitled to qualified immunity.

(Mem. of Law (# 92), at 3-4.) In *Powell*, the Second Circuit clearly established a prisoner's constitutional right to confidentiality in his medical condition. Consequently, Tarbell was on notice that she could only disclose that information if it was reasonably related to legitimate penological interests. The Court disagrees with Tarbell's conclusion that "there is simply no clear legal prohibition to Defendant Tarbell's action." Construing plaintiff's complaint in the broadest sense, the Court finds that Tarbell's contentions raise factual issues which preclude, at this time, the application of qualified immunity. The pleadings and her contentions do not provide sufficient information to determine whether disclosure of plaintiff's medical condition during the grievance hearing was reasonably related to resolution of his grievance. This claim could better be addressed in a summary judgment motion following discovery. In the event that confidential medical information is included in any papers filed with the Court, the parties are advised to review Western District of New York Local Rule 5.4, Sealing of Complaints and Documents in Civil Cases, for the proper procedure to follow.

In light of the discussion above, therefore, plaintiff's claim against Tarbell, as set forth in the Eighth Claim of his amended complaint, is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(e), subject to a motion to file a further amended complaint pursuant

to Federal Rule of Civil Procedure 15. Since a motion to amend is within the scope of this Court's referral Order (# 38), any such motion and issues of relation back, *see* Fed. R. Civ. P. 15(c), will be returnable before U.S. Magistrate Judge Feldman.

## CONCLUSION

Defendant Tarbell's cross-motion (# 91) to dismiss the Eighth Claim against her in plaintiff's amended complaint (# 9) is granted, and that claim is dismissed without prejudice.

It Is So Ordered.

DATED:   November 3, 2006
           Rochester, New York

                          ENTER.

                                      /s/Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge