# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

FRED E. VAN GORDER,

                          Plaintiff,

        -vs-

DAN WORKMAN, et al.,

                          Defendants

MEMORANDUM AND ORDER
03-CV-6409

---

**Siragusa, J.** Before the Court is Plaintiff's letter application dated April 12, 2010, in which he seeks injunctive relief against Superintendent Boucaud of the Altona Correctional Facility, New York Department of Correctional Services ("Altona") as well as his letter application dated April 9, 2010, also seeking injunctive relief. In his April 12 letter motion, Plaintiff writes that as a result of the Superintendent's decision to remove stall doors from the toilets at the facility, he no longer has privacy to perform medically necessary self-catheterization. He asks the Court for immediate relief pending a full hearing on his letter motion of April 9. Both applications pertain to his living conditions at Altona. The April 9 application does not name any individual other than Inmate Grievance Supervisor G. Stanley, also at Altona.

As the Second Circuit stated in *People of State of N.Y. by Vacco v. Operation Rescue Nat.*, 80 F.3d 64 (2d Cir. 1996):

Rule 65(d) of the Federal Rules of Civil Procedure provides:

> Every order granting an injunction...is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

> Rule 65(d) codifies the well-established principle that, in exercising its equitable powers, a court "cannot lawfully enjoin the world at large." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir.1930). In order for a court to hold a nonparty respondent in contempt of a court order, "the respondent must either abet the [party named in the order], or must be legally identified with him." *Id.* at 833; *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129-30 (2d Cir.1979). The party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction. *See Vuitton et Fils*, 592 F.2d at 129.

*Operation Rescue Nat.*, 80 F.3d at 70. Nothing in Plaintiff's application shows that the Court has jurisdiction to order injunctive relief against Superintendent Boucaud, or anyone at Altona. Accordingly, both of Plaintiff's letter applications are denied.

IT IS SO ORDERED.

Dated: April 26, 2010
      Rochester, New York

               ENTER:        /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge